JUANA MÉNDEZ RIVERA, como madre investida de la patria potestad de la menor MARGARITA FRONTERA MÉNDEZ, demandante y apelada, *v.* JOSÉ DELGADO VÁZQUEZ y PAULA FIGUEROA DE JESÚS, demandados y apelados.

No. 6459.—*Sometido:* Noviembre 13, 1933. *Resuelto:* Noviembre 17, 1933.

R. *Muñoz Ramos,* abogado de los apelantes; C. *Olivieri,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

La presente es una acción por la vía ordinaria, en cobro de un préstamo hipotecario, sus intereses y costas, gastos y honorarios de abogado, en la cual sustancialmente se alega que la demandante Margarita Frontera Méndez es una menor de edad, y está representada en dicha acción por su madre Juana Méndez Rivera; que en 20 de diciembre de 1927, previa autorización judicial de la Corte de Distrito de Ponce, dicha Juana Méndez Rivera, como madre con patria potestad sobre su referida hija, entregó, en calidad de préstamo, a José Delgado Vázquez, la suma de $1,500 por un término fijo de dos

años, que venció en 20 de diciembre de 1929, y un año más de prórroga que venció en 20 de diciembre de 1930, y en garantía de dicho préstamo, con sus intereses, costas, gastos y honorarios de abogado ascendentes a $300, el deudor y su esposa constituyeron hipoteca sobre una finca de su propiedad a favor de la menor demandante; que en 20 de diciembre de 1929, el deudor y su esposa hicieron uso de la prórroga de un año convenida en dicho contrato hipotecario, la cual venció en 20 de diciembre de 1930; que desde julio 20 de 1931 hasta el 20 de mayo de 1932, los demandados, a pesar de estar vencidos el principal y sus intereses, no han satisfecho ninguna de las cantidades adeudadas.

El demandado José Delgado Vázquez contestó alegando sustancialmente que Juana Méndez Rivera, en representación de la menor, le había concedido una prórroga verbal de la hipoteca, la cual prórroga estaba vigente al iniciarse esta acción en 14 de junio de 1932, y que por virtud de la misma la deuda no está vencida. Aceptó el demandado que hasta el 20 de mayo de 1932 debía a la menor demandante la cantidad de $150 de intereses y alegó que al vencimiento de la primera mensualidad la demandante se negó a recibir del demandado el importe de la misma y más adelante el importe total de todas, según iban venciendo bajo el fundamento de que el demandado debería pagar los intereses conjuntamente con el capital.

Esta última alegación no aparece completamente clara. No sabemos cuál es la primera mensualidad a que se refiere el demandado, ya que según sus propias admisiones debía diez meses de intereses y el préstamo hipotecario se contrajo en 20 de diciembre de 1927. Suponemos que el demandado se refiere a la primera mensualidad de la última prórroga que según sus alegaciones le fué concedida.

Declarada con lugar la demanda por la corte inferior, el demandado interpuso recurso de apelación y ahora comparece el demandante solicitando que se desestime la apelación porque la misma fué radicada en este tribunal noventa días

después de la fecha en que presentó el escrito de apelación y porque el único error señalado por el demandado apelante es claramente fútil y sin mérito alguno. El recurso, según el demandado, sólo tiene el propósito de dilatar la terminación del litigio.

La única cuestión a discutir en este caso es si fué concedida o no a los demandados una última prórroga que debió vencer en 20 de diciembre de 1932. Según se estipuló en el contrato, el préstamo se constituyó por un plazo de dos años que comenzó el día 20 de diciembre de 1927 y expiró en el mismo día y mes del año 1929, pudiendo prorrogarse, como en efecto se prorrogó, por un año más a solicitud del demandado.

La corte inferior declara que la prueba en cuanto a las dos últimas prórrogas alegadas por el demandado es contradictoria, pero que aun asumiendo como cuestión de hecho que dichas prórrogas hubiesen sido concedidas por Juana Méndez Rivera, madre de la menor demandante, las mismas no tendrían ningún valor ni efecto legal porque la madre no podía conceder otra prórroga que la mencionada en la escritura, necesitando autorización judicial para conceder una nueva prórroga, la cual no se ha probado que se solicitara ni que fuera concedida. De la opinión emitida por la corte inferior copiamos lo siguiente:

"Parece que después de vencido el término de dos años y además el de prórroga convenidos en la cláusula segunda de la escritura de hipoteca, hubo cierta tolerancia favorable para los deudores, quienes continuaron pagando los intereses del préstamo por algún tiempo, aunque cuando se presentó la demanda, en junio 14 de 1932, se debían 10 meses consecutivos de intereses.

"Pero 'la mera circunstancia de que el acreedor no reclame el cumplimiento de la obligación inmediatamente que ésta vence y la de que retrase más o menos el ejercicio de su acción, no significa ni revela la intención de conceder al deudor prórroga alguna.' (C. Núm. 76, 22 de marzo 1901. Dato Repertorio, tomo 4, años 1898 a 1901, pág. 120.)

"La Corte llega a la conclusión de que no han existido ninguna de

las dos prórrogas alegadas por el demandado en el apartado 4 de su contestación a la demanda.''

El demandante atribuye una gran importancia a la conclusión de la corte negando a la madre la facultad de conceder, sin autorización judicial, otra prórroga que la convenida en la escritura. No es necesario, en nuestro sentir, resolver esta cuestión, porque la corte ha declarado de una manera clara que apreció los hechos y que esta prórroga no fué concedida. No se alega que se haya incurrido en manifiesto error ni que haya habido pasión, parcialidad o prejuicio en la apreciación de la prueba. Hemos leído cuidadosamente la evidencia aportada y consideramos justificada la apreciación de la corte inferior.

El demandado declara que, después de concedida la prórroga convenida en el contrato, obtuvo una nueva prórroga que debía vencer en diciembre de 1931. Si esto es verdad, el demandado aparece solicitando de la madre de la menor una nueva prórroga cinco meses antes de vencer la que, según alega, le fué concedida. Declara el Sr. Delgado que la Sra. Méndez, después de concedida la prórroga, se negó a recibir el importe de una mensualidad diciéndole que no podía aceptar el dinero si no pagaba los $1,500. La Sra. Méndez declara que desde que se venció la hipoteca está requiriendo al deudor para el pago de los intereses, que los necesitaba, que éste solicitó un año de prórroga y se negó a concederlo, y que cuando le mandó $15 con su *chauffeur* no los aceptó porque le debía cinco meses, diciéndole a dicho *chauffeur*: ''Tenga los $15, lléveselos al Sr. Delgado, que cuando me reúna los cinco meses completos me traiga completo el dinero, que es su deber;'' pero él no mandó más dinero ni vino. Esta es la razón que expone la Sra. Méndez para no recibir el dinero.

La corte inferior declaró que no se había concedido prórroga alguna y dictó sentencia en favor de la menor demandante. La única cuestión controvertida en el terreno de los hechos es la tercera prórroga alegada por el demandado

José Delgado. Toda vez que la corte sentenciadora, apreciando la prueba, resolvió que no hubo prórroga, huelga discutir si la madre de la menor tuvo o no autoridad para convenir una prórroga que nunca fué concedida.

*Estimamos que la apelación interpuesta es frívola y que debe ser desestimada.*